### J. H. FURNEAUX ET AL. v. SIDNEY WEBB ET AL.

Decided November 21, 1903.

**False Representations Not Material—Lease—Surrender of Possession—Damages.**

Defendants, who were lessees of certain lands, sublet them to plaintiffs, subject to a sale thereof by the owner. Thereafter plaintiffs brought this suit for damages against defendants for wrongfully depriving them of the lands by means of false and fraudulent representations that they, defendants, had purchased the lands from the owner. Held, that plaintiffs had mistaken their remedy and lost their rights by voluntarily surrendering the possession, since the representations, if false, were not material, as a sale of the land to the defendants would not have affected plaintiffs' rights or their sublessees or terminated the sublease, as a sale to third parties would have done.

Appeal from the District Court of Archer. Tried below before Hon. A. H. Carrigan.

*Hawkins & Haynes, Matlock, Miller & Dycus,* and *T. H. Marberry,* for appellants.

*Montgomery & Hughes* and *Bomar & Bomar,* for appellees.

SPEER, ASSOCIATE JUSTICE.—Appellants sued Sidney Webb and Samuel Scaling, composing the firm of Sidney Webb & Co., Sam Bellah and L. M. Webb, to recover a large sum of money as actual and exemplary damages for wrongfully depriving them of certain pasture lands in Archer County, Texas. Appellants held the lands under lease contracts with appellees Sidney Webb & Co., who in turn were the lessees of Morgan Jones. Both the original lease from Jones to Sidney Webb & Co., and the various subleases by Sidney Webb & Co. to appellants, were made "subject to sale" of the land, and the alleged wrongful conduct of appellees consisted in obtaining possession of said lands from appellants by means of false and fraudulent representations that Sidney Webb and Sidney Webb & Co. had purchased the lands from the owners. The District Judge peremptorily instructed the jury to return a verdict in favor of the defendants, which was done, and judgment accordingly entered, from which this appeal is prosecuted.

There are many assignments, but in the view we take of the case no other one is material if the eighteenth, complaining of the peremptory instruction to find for defendants, can not be sustained. This assignment we have finally concluded should be overruled. The effect of the subject to sale clause in appellants' lease contract with Sidney Webb & Co. was that the same should be terminated upon a sale by the owners to any person other than the lessees Sidney Webb and Samuel Scaling. It would not do to hold that Sidney Webb & Co., who had subleased the lands in controversy to Furneaux Brothers subject to sale by the owners, could themselves become the purchasers and thereby put an end to the sublease and oust their tenants. The meaning of the contract was that appellants should hold under the sublease for its full

period unless the owners should make such sale of the lands as to put them beyond the control of Sidney Webb & Co. Any other construction would place it in the power of Sidney Webb & Co. to terminate their lease to appellants by becoming the owners of the land in fee simple, instead of a leasehold merely—a thing evidently inconsistent with the rights of the parties. Nor does this view in any wise lessen the chances of sale by the owners, as contended by appellants, by taking from them the prospects of a sale to Sidney Webb & Co. The owners would have a perfect right to sell to Sidney Webb & Co., and such action would of course terminate the lease to them, but it by no means follows that it would have that effect upon appellants' sublease. On the contrary we think it would have no effect whatever. To Sidney Webb & Co.'s demand for the possession the owners could reply that they already have possession through their tenants the appellants. And for this reason, i. e., that a sale to Sidney Webb & Co. could not operate as a termination of the sublease to appellants, we think they, the appellants, mistook their legal rights when they voluntarily surrendered their lease and lands, and have no recourse upon appellees. In other words, the representations of appellees, to be actionable, must have been material, and such as, had they been true, appellants would have been justified in acting upon them. Blythe v. Speake, 23 Texas, 428; Lemmon v. Hanley, 28 Texas, 220; 23 Cent. Dig. Col., 1687 (E). Here, as we have indicated, the representation that Sidney Webb or Sidney Webb & Co. had purchased the lands, would not have called for their surrender by appellants, even if true, hence they became immaterial and not actionable.

Moreover, we think the evidence conclusively shows that as to all the lands claimed, whether by Sidney Webb & Co. or L. M. Webb, the appellants, after knowing the full truth, and after being undeceived, if they ever were deceived, voluntarily consummated a contract based upon a sufficient consideration, which had the effect of terminating or waiving their lease to the lands in controversy.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.